UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BYRON STREETER,

        Plaintiff,                        Case No. 2:08-cv-178

v.                                     HON. R. ALLAN EDGAR

UNKNOWN BELUSAR, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Byron Streeter, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Belusar, Corrections Officer Unknown McConnaughey, Corrections Officer Unknown Charlebois, Corrections Officer Unknown Lintula, Corrections Officer Randall Vinning, Jr., Corrections Officer Unknown Bonevelle, Corrections Officer Unknown Jones, and Deputy Warden Unknown Rapelje.

In his complaint, Plaintiff alleges that on November 24, 2006, he had his window covered when Defendant Belusar gave him a direct order to remove a towel that was covering his window. Plaintiff complied with the order, but was nonetheless sprayed with a chemical agent. On November 25, 2006, Defendant Belusar ordered that Plaintiff be placed on a clothing, mattress and towel restriction. Plaintiff was taken off the restriction on December 9, 2006, at which point he asked staff to return his property, to no avail. On December 30, 2006, Plaintiff filed a grievance against Defendant Belusar for refusing to return his state issue clothing. Defendant Belusar reviewed

the grievance with Plaintiff, in violation of policy, and demanded that Plaintiff sign off on the grievance. When Plaintiff refused, Defendant Belusar called Plaintiff a "nigger, cock-sucker, bitch and stupid ass," and threatened to kill Plaintiff and his mother. Plaintiff then filed a grievance against Defendant Belusar for threatening his mother. Plaintiff states that Defendant Belusar has access to his mother's address and phone number, so that Plaintiff believed that Defendant Belusar would follow through on his threats.

On October 16, 2008, the court dismissed all of Plaintiff's claims, except for his retaliation claim against Defendant Belusar. Presently before the Court is Defendant Belusar's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which

the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant Belusar retaliated against him for refusing to sign off on his grievance by threatening to kill Plaintiff and his mother, and by calling Plaintiff names. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In his affidavit, Defendant Belusar denies ever threatening Plaintiff. Defendant Belusar also denies any knowledge of Plaintiff's mother, her address, or her phone number. (Docket #30, p. 4.) In addition, Defendant Belusar offers a copy of Plaintiff's grievance on him in which he claims that Defendant Belusar threatened to contact Plaintiff's mother and harass her with death threats, rather than to actually kill her. (Docket #30, p. 11.) However, the fact that Defendant Belusar denies Plaintiff's allegations is not sufficient to show that there is no genuine issue of material fact regarding the alleged misconduct.

Defendant Belusar also asserts that even if he did threaten Plaintiff, mere verbal threats do not rise to the level of an adverse action. In support of this assertion, Defendant Belusar offers copies of unpublished district court opinions stating that vague or de minimis threats do not constitute adverse conduct. (Defendant Belusar's Exhibits B-I.) Specifically, Defendant Belusar relies on *Reeves v. Eyers*, No. 1:04-cv-790 (W.D. Mich. Jan. 4, 2005), which concerned a threat by a prison guard working in the gun tower to shoot a prisoner if he did not drop his lawsuits. The court addressed whether this conduct was sufficiently adverse and stated:

> A threat to shoot someone unquestionably may be a threat of potentially serious consequence. However, if such a threat occurs in circumstances that would make taking action on the threat a virtual impossibility, the threat cannot reasonably be construed as serious. Here, the threat to shoot Plaintiff occurred in a context that could not objectively have placed a prisoner in reasonable fear that the threatened conduct would occur. An officer's decision to shoot a prisoner from the guard tower while the prisoner remained in his cell would, with virtual certainty, result in the officer being charged with murder. Moreover, any prisoner immediately would appreciate his own ability to avoid the threatened harm simply by stepping away from the window. As a result, a reasonable person in Plaintiff's position would not be deterred by such threats and Plaintiff apparently was not so deterred. Eyers' later comment does not constitute a renewed threat. It instead suggests the emptiness of the original threat. Indeed, the fact that Plaintiff actually grieved the earlier threat further impairs Eyers' ability to take the threatened action. The Court therefore concludes that, in the circumstances of this case, the alleged threat made by Eyers does not constitute the type of threat that rises to the level of a constitutional violation.

(Defendant Belusar's Exhibit I, p. 3.) Defendant Belusar asserts that the threat in this case was similarly impossible to carry out, so that he is entitled to summary judgment. However, as noted above, Plaintiff claims that he believed that Defendant Belusar knew his mother's address and phone number and was capable of following through on the threat.

The Sixth Circuit addressed the issue of threats as adverse conduct:

> We emphasize that while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment. Retaliation against a prisoner is actionable if it is capable of deterring a person of ordinary firmness from exercising his or her right to access the courts.

*Thaddeus-X*, 175 F.3d at 398. In the opinion of the undersigned, Plaintiff's allegations that Defendant Belusar threatened to kill his mother or to harass her with death threats, if true, meet the standard set forth in *Thaddeus-X*. Therefore, Defendant Belusar is not entitled to summary judgment.

In summary, in the opinion of the undersigned, Defendant Belusar has failed to meet his burden to show that he is entitled to summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (docket #27) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2009