UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BYRON STREETER #274192,

    Plaintiff,
v.
                                            Case No. 2:08-cv-178
                                            HON. R. ALLAN EDGAR
UNKNOWN BELUSAR, et al.,

    Defendant.
_____/

## MEMORANDUM

Plaintiff Byron Streeter #274192 brings this action for damages pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Belusar in his individual capacity for alleged violations of his First Amendment rights under the United States Constitution. Plaintiff was incarcerated at the Alger Maximum Correctional Facility, and Defendant was employed as a Sergeant for the Michigan Department of Corrections ("MDOC") during the relevant time period.

Plaintiff originally brought suit against a number of defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Fourteenth, and Eighth Amendment rights under the United States Constitution. This court reviewed the initial complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c). Pursuant to this review, the court dismissed all of Plaintiff's claims against all other defendants and served the complaint on Defendant Belusar only with respect to Plaintiff's First Amendment retaliation claim. *Id.*

Defendant Belusar previously filed a motion for summary judgment seeking dismissal of Plaintiff's First Amendment retaliation claim against him. On August 3, 2009 the Magistrate Judge issued a report and recommendation recommending denial of Defendant's motion. On

September 21, 2009 this court issued an order approving the Magistrate Judge's report and recommendation. Plaintiff's claim of First Amendment retaliation claim against Defendant Belusar in his individual capacity came before the Court for a bench trial on August 18, 2010.

Plaintiff claims that on December 30, 2006, while he was incarcerated at the Alger Maximum Correctional Facility, Defendant retaliated against him for filing a grievance. Plaintiff asserts that Defendant Belusar threatened to kill both Plaintiff and Plaintiff's mother if Plaintiff did not "sign off" on the grievance. Plaintiff seeks compensatory damages, as well as a temporary restraining order from this court.

**I.     Background**

Because of some serious misconduct on his part, an MDOC "move team" forcibly transferred plaintiff to a different cell on November 24, 2006. Defendant (Sgt. Belusar) was a member of this move team.

Following this incident, another corrections officer (not Sgt. Belusar) placed plaintiff on a restriction of his state-issued clothing, mattress, and towels.

Notwithstanding plaintiff's assertions to the contrary, it is clear that these restrictions were soon removed, and that he was again provided with clothing and bedding. At one point, Sgt. Belusar actually went to the property room to retrieve plaintiff's original clothing. However, plaintiff refused to accept it.

On December 28, 2006, plaintiff filed an MDOC grievance complaining about his alleged lack of clothing and bedding. On December 30, 2006, per MDOC procedures, Sgt. Belusar was designated to interview plaintiff about the grievance to try to resolve it. It is here that plaintiff claims that Belusar threatened to kill him and his mother; and used various racial slurs. Plaintiff

claims that this was in retaliation for his filing the grievance.

There is no question that if indeed Sgt. Belusar made the alleged threats, they would satisfy the second and third elements of a retaliation claim. The facts in this case, however, make it very clear that Sgt. Belusar made no such threats. First, he had no reason to do so. Sgt. Belusar, a 24-year veteran corrections officer deals with these prisoner grievances constantly. There is nothing in this grievance regarding plaintiff's clothing that would have been detrimental to Belusar. Second, plaintiff has no credibility. When conflicts between his testimony and his deposition were pointed out to him, plaintiff's only response is that the court reporter must have not accurately recalled what was said at the deposition. He has provided different versions of the alleged threats, and has placed several untruths in letters to his mother.

**II.     Analysis**

Plaintiff claims that Defendant violated his First Amendment rights by retaliating against Plaintiff for engaging in his right to file a grievance. A prisoner keeps and retains the right to petition the government for redress of grievances, which includes the right to file grievances against prison officials. This right is protected by the First Amendment to the United States Constitution. *See Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001). If a prison employee takes action to retaliate against a prisoner because the prisoner engaged in conduct protected by the First Amendment, such retaliation would be a violation of the prisoner's First Amendment rights. *Campbell,* 250 F.3d at 1036-37; *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2003).

To prevail on his retaliation claim, Plaintiff is required to prove by a preponderance of the evidence, all of the following elements: (1) that Plaintiff engaged in conduct protected by the

First Amendment, namely, his right to petition the government for redress of grievances; (2) that Defendant took adverse action against Plaintiff that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) that the Defendant's adverse action was motivated, at least in part, by the Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388-399 (6th Cir. 1999)(en banc); *King v. Zamiara*, 150 Fed. Appx. 485, 491 (6th Cir. 2005); *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004); *Campbell*, 250 F.3d at 1036-38.

What happened here was that plaintiff was unhappy with Belusar because he was a part of the "move team" (or "goon squad" in plaintiff's terminology); and in an effort to get back at Sgt. Belusar, and to save his lawsuit from extinction,[1] he alleged that Sgt. Belusar made these threats. Belusar denies making any such threats, and in fact, this court specifically finds that no such threats were made. Plaintiffs proof does not satisfy the second and third required elements of a retaliation claim. Judgment will enter for defendant.

Dated: 8/18/2010              /s/ R. Allan Edgar
                              R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE

---

[1] There is a strong indication in plaintiff's deposition that the "kill" threats were interjected into this case at the suggestion of plaintiff's "legal writer" (P. 37 Deposition of Byron Streeter).